(106 So. 679)

**BROGDEN v. STATE. (4 Div. 22.)**

(Court of Appeals of Alabama. Dec. 15, 1925.)

Intoxicating liquors ⬅️236(19), 238(1)—Conflicting evidence as to still and manufacture held to present question for jury, and sufficient to authorize conviction.

In prosecution for unlawfully possessing still, and manufacturing spirituous liquors, conflicting evidence *held* to present question for jury and to sustain conviction.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Dessie, alias Det, Brogden was convicted for unlawfully possessing a still, and for distilling, making, or manufacturing spirituous liquors, and he appeals. Affirmed.

S. H. Gillis, of Andalusia, for appellant.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

BRICKEN, P. J. From a judgment of conviction for unlawfully possessing a still, and for distilling, making, or manufacturing spirituous liquors, defendant appealed.

No special charges were requested by defendant, nor was there a motion for a new trial. The appeal is rested upon several rulings of the court upon the admission of testimony.

The evidence in this case consisted: First, of the corpus delicti, which was fully proven; second, the voluntary confession of defendant that he, together with the codefendant, Whit Payne, were operating the still when the officers appeared, and that Payne was captured by the officers, but he, defendant, succeeded in escaping; third, that the defendant was actually operating the still in conjunction with said Whit Payne, he (Payne) testifying to this effect. Defendant denied any connection with the still, and also denied that he had any conversation with state witness Mrs. Lucus relative thereto. He admitted having the conversation with several other state witnesses who had testified relative to his voluntary confession, but defendant insisted that in these conversations he was merely "carrying on and joking." The evidence, being thus in conflict, presented a question for the determination of the jury. It was amply sufficient to support the verdict of the jury and to sustain the judgment of conviction pronounced and entered. The several exceptions reserved to the rulings of the court are wholly without merit, and need not be discussed. No error

appearing upon the trial of this case, and the record also being without error, the judgment of conviction in the circuit court is affirmed.

Affirmed.